UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER NELSON,

          Plaintiff,

    v.

HUNTER WARFIELD, INC., et al.,

          Defendants.

Case No. 26-cv-02207-EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Docket No. 11

Plaintiff Peter Nelson initiated this case in state court. He sued multiple defendants (three entities and one individual) on the basis that they failed to timely return security deposits for five apartments he rented and incorrectly calculated and reported unpaid rent to a debt collection agency, thus damaging Mr. Nelson's credit score. Because Mr. Nelson asserted not only state law claims but also federal (including for violation of the Fair Credit Reporting Act), one of the defendants (now dismissed) removed the case to federal court. Subsequently, Mr. Nelson amended his complaint to drop the federal claims. He now moves for a remand, arguing that the Court should decline supplemental jurisdiction now that there is no federal claim in the case. The two remaining defendants in the case argue that the Court should still exercise supplemental jurisdiction. They also argue that there is an independent basis for original jurisdiction over the case – *i.e.*, diversity jurisdiction.

For the reasons stated at the hearing on June 11, 2026, the Court **GRANTS** Mr. Nelson's motion to remand. The Court briefly recounts the basis of its ruling below and, where necessary, provides additional analysis.

/ / /

As an initial matter, the parties have incorrectly framed the first issue as one regarding supplemental jurisdiction.  In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the Supreme Court held that, if a "plaintiff amends her complaint following her suit's removal" to "eliminate[] the federal-law claims that enabled removal, leaving only state-law claims behind," "the loss of federal-question jurisdiction" means "the court loses as well its supplemental jurisdiction over the state claims." *Id.* at 30.  Thus, the issue is not whether there is *supplemental* jurisdiction over the amended complaint; rather, the question is whether there is *original* jurisdiction over the amended complaint.  *See id.* at 27-28.  As *Royal Canin* teaches, the operative pleading is the amended complaint.  In light of *Royal Canin*, the parties' arguments regarding supplemental jurisdiction are moot.

The only question remaining is whether there is an independent basis for original subject matter jurisdiction – *i.e.*, is there diversity jurisdiction in the instant case?  Because Defendants are the ones to assert that there is diversity jurisdiction, they have the burden of proving that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (stating that "the party asserting diversity jurisdiction bears the burden of proof").  Defendants have not met their burden.

First, Defendants have not established the citizenship of any party in the case.

- With respect to Mr. Nelson, "[a]n individual is a citizen of the state in which he is domiciled; domicile is determined by an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002); *see Kanter*, 265 F.3d at 857 (stating that "[t]he natural person's state citizenship" is determined by the individual's "state of domicile, not her state of residence" and that "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"; "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state").  Here, it is not clear what Mr. Nelson's citizenship is.  Based on the pleadings, he appears to have ties to both Nevada and

United States District Court
Northern District of California

California.

- As for the citizenship of Defendants, limited liability companies and limited partnerships "are a citizen of every state where its owners and members are citizens." *Wagner v. Spire Vision LLC*, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013). The "place of incorporation and the principal place of business" are "inapplicable" to determine the citizenship of limited liability companies or limited partnerships. *Id.* Here, Defendants have not provided any information about the citizenship of each of their members.

Because Defendants have failed to establish the citizenship of any party, they have failed to show complete diversity, and therefore there is no basis for diversity jurisdiction. To the extent Defendants suggest that they could now cure the deficiency, they were already given an opportunity to provide what information they had to oppose the motion to remand. The Court will not reopen the record simply because Defendants failed to provide complete information in the first instance.

Furthermore, Defendants also failed to establish that the amount in controversy exceeds $75,000. The Court must evaluate the amount in controversy based on the amended complaint. To be sure, in *Royal Canin*, the Supreme Court suggested that the value of a case is ordinarily a "fact on the ground" – similar to the citizenship of a party – which, in turn, suggests that the Court should look to the amount in controversy based on the claims as pled in the original complaint. But, in a post-*Royal Canin* case, the Ninth Circuit explained that this

> exception [to the rule in *Royal Canin* that the amended complaint controls] "is inapposite" when two conditions hold. First, the exception "more concerns a fact on the ground – that is the value of a suit – than it does the plaintiff's selection of claims and parties." Second, the exception "responds to the difficulties of assessing a suit's value and the likelihood that the calculations will change over the course of litigation." That concern does not "limit the effect of the plaintiff's decision, as the master of her complaint, to add or subtract claims or parties."

*Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1181 (9th Cir. 2025).

In the instant case, Mr. Nelson, as master of his complaint, subtracted claims. Under *Rosenwald*, that means the normal *Royal Canin* rule applies – *i.e.*, the amended complaint governs

3

and not the original complaint.   That is significant in the instant case because the amended complaint – unlike the original complaint – does not contain any federal claim such as one based on the FCRA, which allows for fee shifting.  There is no indication that Mr. Nelson's state law claims as pled in the amended complaint (*i.e.*, failure to timely return security deposits, negligence, defamation, and violation of § 17200) allow for fee shifting.  Thus, Defendants cannot rely on attorneys' fees to take the amount in controversy over $75,000.  To the extent Defendants suggest that the amount in controversy could still exceed $75,000 because Mr. Nelson's credit score was allegedly impacted or because at least some state law claims allow for punitive damages (*e.g.*, defamation), Defendants have not provided any concrete information to support their position.  For example, Defendants have not pointed to any allegations made by Mr. Nelson suggesting that he or his business was significantly impacted.  Nor have Defendants cited to any factually similar cases where punitive damages in significant amounts were awarded.

Accordingly, the Court grants Mr. Nelson's motion to remand.  His amended complaint contains no federal claims, and Defendants have failed to establish that there is diversity jurisdiction.  The Court directs the Clerk of the Court to remand the case back to Alameda County Superior Court and close the file in the case.

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: June 12, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4